**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| INSURANCE COMPANY OF | : | |
| GREATER NEW YORK a/s/o ALTMAN | : | No. 1:11-cv-1877 |
| MANAGEMENT COMPANY and | : | |
| CHAMBERS RIDGE ASSOCIATES, | : | |
| L.P. d/b/a ASPEN HILL APARTMENTS, | : | |
|     Plaintiff | : | (Chief Judge Kane) |
| | : | |
|       v. | : | |
| | : | |
| MATTHEW COBB and CRYSTAL | : | |
| LOPEZ, | : | |
|     Defendants | : | |

## MEMORANDUM ORDER

Before the Court are two motions for default judgment: one as to Defendant Crystal

Lopez (Doc. No. 12), and one as to Defendant Matthew Cobb (Doc. No. 24).  For the reasons set

forth below, the Court will grant the motions and enter default judgement against Defendants

Cobb and Lopez.

## I.     BACKGROUND

On October 11, 2011, Plaintiff initiated this diversity action by filing a complaint against

Defendants Cobb and Lopez sounding in negligence and breach of contract, stemming from a

fire at an apartment complex.  (Doc. No. 1.)  In its complaint, Plaintiff alleges that Defendants

occupied a unit at Aspen Hills Apartments in Harrisburg pursuant to a lease agreement, and that

a fire originated in their unit because their unsupervised minor child was playing with a cigarette

lighter.  (Id. ¶¶ 6-7.)  Plaintiff, the apartment complex's insurer, alleges that the fire would not

have started if the minor child were properly monitored and did not have access to a lighter.  (Id.

¶ 8.)  Plaintiff further alleges that the fire caused major damage to the building in Aspen Hill.

(<u>Id.</u> ¶ 9.)

On February 7, 2012, after being granted an extension of time to perfect service, Plaintiff filed an affidavit of service as to Defendant Lopez, asserting that it served a summons and complaint on Michael Davis, a competent co-resident of Defendant Lopez.  (Doc. No. 9.)  The Clerk of Court entered default as to Defendant Lopez on March 2, 2012.  (Doc. No. 11.)  On June 7, 2012, after being granted an extension of time to perfect service and leave to serve by publication, Plaintiff filed two affidavits of service by publication as to Defendant Cobb: one from <u>The Dauphin County Reporter</u>, and one from <u>The Patriot News</u>.  (Doc. Nos. 20, 21.)  The Clerk of Court entered default as to Defendant Cobb on June 21, 2012.  (Doc. No. 23.)

To date, Defendants have failed to plead or otherwise defend themselves in this action. Plaintiff filed a motion for default judgment as to Defendant Lopez on March 19, 2012 (Doc. No. 12), and a motion for default judgment as to Defendant Cobb on June 25, 2012 (Doc. No. 24).

## II.    LEGAL STANDARD

Rule 55(b) of the Federal Rules of Civil Procedure provides for entry of default judgment against a defendant who has not appeared and who is neither a minor nor an incompetent person. Fed. R. Civ. P. 55(b).  Entry of default does not entitle a claimant to default judgment as matter of right.  10 James Wm. Moore <u>et al.</u>, <u>Moore's Federal Practice</u> § 55.31 (Matthew Bender ed. 2010).  Even when a party has defaulted and all of the procedural requirements for a default judgment are satisfied, the decision to either enter default judgment or refuse to enter default judgment rests in the discretion of the district court.  <u>See</u> <u>Emcasco Ins. Co. v. Sambrick</u>, 834 F.2d 71, 74 (3d Cir. 1987).  In undertaking this evaluation, the Court must consider: (1) whether the plaintiff will be prejudiced if the default is denied; (2) whether the defendant has a

meritorious defense; and (3) whether the defaulting defendant's conduct is excusable or culpable.  See, e.g., Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).  However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one sided; entry of default judgment is typically warranted in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c).  As the Third Circuit has explained:

> In most instances where a party's right to prosecute or defend would be terminated as a sanction, the moving party has the burden of creating a record showing the appropriateness of this ultimate sanction and the district court has the responsibility of making a determination on that issue in light of considerations like those articulated in Poulis.  When a defendant fails to appear and perhaps under other circumstances covered by Rule 55, the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred.  Even in those situations, however, consideration of Poulis type factors is required if a motion to lift the default is filed under Rule 55(c) or Rule 60(b) and a record is supplied that will permit such consideration.

Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990).

## III.   DISCUSSION

In the instant matter, the factors discussed in Chamberlain weigh in favor of granting default judgment.  See Chamberlain, 210 F.3d at 164.  First, if default is denied, Plaintiff will be prejudiced by Defendants' failure to plead or otherwise defend themselves in this matter in that litigation in this matter will not be able to proceed without the participation of Defendants.  As to the second and third factors, because Defendants have failed to participate in the litigation process in any way, the Court cannot speculate as to whether Defendants have a litigable defense, or whether Defendants' default is due to culpable conduct.  Thus, entry of default

judgment is warranted in this case.

Because default judgment will be entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2688 at 444 (2d ed. 1983)). The allegations in the complaint, taken as true, are sufficient to support Plaintiff's claims for negligence (Count I) and breach of contract (Count II).

To prevail on a claim for negligence in Pennsylvania, a plaintiff must establish: (1) a duty recognized by law requiring the actor to conform to a certain standard of conduct; (2) failure by the actor to observe this standard; (3) causation between the conduct and injury; and (4) actual damages. Tomko v. Marks, 602 A.2d 890, 892 (Pa. Super. Ct. 1992). While the mere relation of a parent to a child imposes no liability on the parent for the torts of the child, a parent may be liable where the negligence on their part makes the injury possible. Frey v. Smith, 685 A.2d 169, 174 (Pa. Super. Ct. 1996). Parents have a duty to "exercise the control which they have over their child, when they know, or in the exercise of due care should know, that injury to another is a natural and probable consequence." J.H. ex rel. Hoffman v. Pellak, 764 A.2d 64, 66 (Pa. Super. Ct. 2000) (quoting Condel v. Savo, 39 A.2d 51, 53 (Pa. Super. Ct. 1944)). In Count I of its complaint, Plaintiff alleges that Defendants allowed their minor child to access a cigarette lighter and that they failed to properly supervise the child, thereby breaching their duty to exercise control over their child. (Doc. No. 1 ¶ 15.) Plaintiff further alleges that as a direct and proximate cause of these acts and omissions, a fire occurred in their apartment, which caused Plaintiff to suffer damages. (Id. ¶ 16.) Thus, Plaintiff has alleged sufficient facts to support a

negligence claim.

To prevail on a claim for breach of contract, a plaintiff must establish the following elements: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages. Lackner v. Glosser, 892 A.2d 21, 30 (Pa. Super. Ct. 2006). Plaintiff's factual allegations in Count II, taken as true, support a claim for breach of contract. Plaintiff has alleged that Defendants and Plaintiff's insured were bound by the terms of a lease, executed on or about September 28, 2009, which was in full force and effect at the time of the October 17, 2009 fire. (Doc. No. 1 ¶ 19.) Plaintiff further alleges that the lease required Defendants to, inter alia, maintain the leased unit during the term of the lease, or pay as additional rent the cost of repairs attributable to Defendants. (Id. ¶ 20.) Additionally, Plaintiff alleges that Defendants breached the terms of the lease by failing to maintain the apartment and failing to pay the costs of repairs, thereby causing a fire and causing Plaintiff to suffer damages. (Id. ¶¶ 22-25.) Thus, the facts in Plaintiff's complaint are sufficient to support a claim for breach of contract.

Plaintiff seeks damages in the amount of $297,006.92, consisting of a principal balance of $285,892.92 for the property damage caused by the fire, plus $6,114.00 of lost business income caused by the fire, plus $5,000.00 for the insurance deductible owing to Altman Management Company and Chambers Ridge Associates, Plaintiff's insured. (Doc. Nos. 12, 24.) Plaintiff has provided sworn proofs of loss to support the building damage and business income damages, along with an affidavit in support of its damages. (Doc. Nos. 12-1, 12-3, 12-4, 24-2, 24-4, 24-5.) The Court finds that these categories of damages are properly recoverable. Because Plaintiff's claim is supported by documents accompanying the motion, the Court finds that a

hearing is not necessary under Rule 55(b)(2)(B).  <u>See</u> Fed. R. Civ. P. 55(b) (allowing court to

enter judgment by default without hearing if claim is "for a sum which can by computation be

made certain").

## IV.    CONCLUSION

**ACCORDINGLY**, on this 28th  day of June 2012, **IT IS HEREBY ORDERED THAT**

Plaintiff's motions for default judgment (Doc. Nos. 12, 14) are **GRANTED**.  The Clerk of Court

is directed to enter judgment in favor of Plaintiff and against Defendants Lopez and Cobb,

jointly and severally, in the amount of $297,006.92.  The Clerk of Court is further directed to

close the case.

 s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania